[No. 10685-3-III.   Division Three.   December 5, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. DEMETRIO
ALVAREZ OLIVAREZ, ET AL, *Defendants*, JUAN
GUITERREZ, *Appellant*.

*John D. Knodell III,* for appellant.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Kenneth Jorgensen, Deputy,* for respondent.

SHIELDS, C.J. — Juan Guiterrez, Demetrio Olivarez and Norma Mejia were charged by amended information with possession of cocaine with intent to deliver. Mr. Guiterrez and Mr. Olivarez were convicted of the lesser included crime, possession of cocaine. Ms. Mejia was acquitted. Mr. Guiterrez contends on appeal the court erred by: (1) instructing the jury that constructive possession occurs if there is

dominion and control over the substance or over the premises where it is found; and (2) refusing to instruct that delivery does not occur between joint possessors unless he stipulated to joint possession with Mr. Olivarez. We reverse and dismiss.

In January 1990, law enforcement officers executed a search warrant at an apartment in Moses Lake. Mr. Guiterrez, Mr. Olivarez and Ms. Mejia were in the apartment. In one bedroom the officers found 11 paper bindles, some containing cocaine, with a total weight of 6.6 grams; a baggie containing cocaine, weighing 27.1 grams; an unspecified number of precut bindle folds; and a wallet containing a photo of Mr. Guiterrez and Ms. Mejia in the apartment. All three were arrested and charged with possession of cocaine with intent to deliver.

At trial the owner of the apartment building testified Mr. Olivarez, Mr. Guiterrez and Ms. Mejia all signed the rental agreement and represented to him they were living at the apartment. Ms. Mejia testified she did not live in the apartment; her father testified she lived with him "Almost every night". Mr. Guiterrez stipulated he lived in the apartment to avoid the prejudicial effect of admitting in evidence the rental agreement which he signed using a different name. Neither Mr. Guiterrez nor Mr. Olivarez testified at trial.

Over Mr. Guiterrez' objection, the trial court gave to the jury instruction 12 which reads:

> Possession means having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when it is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance, *or the premises where the substance is found.* Such possession need not be exclusive.

(Italics ours.)

Mr. Guiterrez contends instruction 12 directed the jury to find him guilty of possession of cocaine based solely on dominion and control over the premises where it was found. He argues the court should have given his proposed instruc-

tion based on WPIC 50.03[1] which does not contain the phrase "or the premises where the substance is found."

[1] Constructive possession of a controlled substance is established by showing the person charged has dominion and control over it. *State v. Lane*, 56 Wn. App. 286, 786 P.2d 277 (1989); *State v. Wood*, 45 Wn. App. 299, 725 P.2d 435, *review denied*, 107 Wn.2d 1017 (1986). Under RCW 69.50.401(a) it is a crime to possess a controlled substance. It is not a crime to have dominion and control over the premises where the substance is found. That fact is one of the circumstances from which constructive possession may be inferred. *See State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969); *State v. Amezola*, 49 Wn. App. 78, 741 P.2d 1024 (1987).

Had the jury been instructed using WPIC 50.03, it could have found Mr. Guiterrez did not have constructive possession of the cocaine even though he did have joint dominion and control with others over the premises where it was found. Here the jury was compelled to infer constructive possession of cocaine if it found Mr. Guiterrez had dominion and control over the premises. Thus, instruction 12 in effect operated as a directed verdict of guilt on the lesser included offense of possession of a controlled substance.[2] The court's

---

[1]The proposed instruction reads:
    Possession means having a thing in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the thing.
It is identical to WPIC 50.03 except for the word "thing" in the first and last lines. The pattern instruction uses the word "substance".

[2]*Lane* is consistent with our holding. There the defendants suggested a fourth person was responsible for placing the cocaine in their apartment without their knowledge and objected to a jury instruction on constructive possession because of inclusion of the phrase "'possession need not be exclusive.'" *Lane*, at 300. The jury, after being instructed on unwitting possession, rejected the defendants' suggestion and found them guilty of possession with intent to deliver. The jury in *Lane* was permitted to infer constructive possession from the fact of dominion and control of their apartment. We held the evidence sufficient to support that inference.

refusal to give WPIC 50.03 in these circumstances and the giving of instruction 12 was error.

Mr. Guiterrez also requested a defense instruction, "Delivery cannot occur between two persons in joint possession of a controlled substance", reasoning, if the jurors believed the defendants jointly possessed the cocaine, they could also believe that joint possession established its delivery between them. The court ruled the proposed instruction presented inconsistent defenses: denying possession of the cocaine and at the same time asserting it could not be delivered between joint possessors of it. The court refused to give the instruction unless Mr. Guiterrez stipulated he was in joint possession of the cocaine. After the stipulation of joint possession was made, the court, again over Mr. Guiterrez' objection, gave instruction 14, which reads:

> The Defendants Juan Guiterrez and Demetrio Alvarez Olivarez, each stipulate that they were in possession of the controlled substance subject to this charge. This stipulation may be considered by you only in the cases involving Juan Guiterrez and Demetrio Alvarez Olivarez, and is not binding upon the Defendant Norma Mejia.
> Delivery of a controlled substance cannot occur between persons in joint possession of the controlled substance. This instruction applies only to the cases of Juan Guiterrez and Demetrio Alvarez Olivarez.

Mr. Guiterrez contends the court's requirement he stipulate to possession of the controlled substance to obtain the instruction on delivery between joint possessors operated as an involuntary plea of guilty on the lesser included offense of possession of a controlled substance.

While a defendant is entitled to an instruction on any theory which is supported by evidence, or lack of it, *see State v. Theroff*, 95 Wn.2d 385, 389, 622 P.2d 1240 (1980), Mr. Guiterrez was not charged with delivery of a controlled substance. Delivery between joint possessors is not relevant to a charge of possession with intent to deliver. The requested instruction was properly rejected for that reason. The court's reason for rejection, inconsistent defenses, was incorrect. Unfortunately, it led to giving instruction 14

which, besides being irrelevant to the charge of possession with intent to deliver, was a statement that Mr. Guiterrez stipulated to his guilt of the lesser included offense of possession of a controlled substance. This was also error.

We reverse and dismiss.[3]

MUNSON, J., and GREEN, J. Pro Tem., concur.

---

[3]By supplemental brief filed after the case was set for argument, Mr. Guiterrez also assigns error to the court's denial of his motion to suppress evidence found as a result of a search warrant issued without probable cause. By separate appeal his codefendant, Mr. Olivarez, sought reversal of his conviction and dismissal of the charges. In an unpublished opinion, *State v. Olivarez*, 61 Wn. App. 1051 (1991), we reversed the conviction, holding probable cause did not exist to issue the warrant. On that basis the charges against Mr. Guiterrez must also be dismissed.