[No. 13250-1-III.   Division Three.   November 2, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. BELIZARIO
HERNANDEZ PONCE, *Appellant*.

*Richard A. Smith* of *Smith & Scott*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify, Deputy,* for respondent.

SCHULTHEIS, J. — Belizario Ponce was convicted of possession of cocaine. He contends on appeal the jury was improperly instructed that constructive possession is established when the State has proved dominion and control over the premises where the controlled substance is found. We affirm.

On October 16, 1992, police officers knocked on the door of a residence in Yakima. Mr. Ponce answered the door and gave the officers permission to search. Giving his name as Armando Villa Duran, Mr. Ponce told one officer he and Jose Sanchez had been renting the house for about two months. After a quick reconnaissance to determine how many people were in the residence, the officers conducted a second, more exhaustive, search and discovered a bindle of cocaine on a bedroom floor and a spoon with heroin residue lodged in a kitchen wall. When told that the bindle had been found, Mr. Ponce accused the officers of lying or of planting the drugs.

Mr. Ponce was charged by information with possession of cocaine and possession of heroin, RCW 69.50.401(d). At trial, Mr. Ponce moved to dismiss after the State rested its case, arguing the State failed to prove he had constructive possession of the cocaine or heroin. In particular, Mr. Ponce cited *State v. Olivarez,* 63 Wn. App. 484, 820 P.2d 66 (1991) as holding that it is not enough to prove constructive possession by showing that a defendant merely had

dominion and control over the premises where the substance was found. The State countered with *State v. Walton*, 64 Wn. App. 410, 824 P.2d 533, *review denied*, 119 Wn.2d 1011 (1992), wherein the court found that constructive possession may be shown if the person charged has dominion and control over the drugs or the premises where the drugs are found.

The court denied Mr. Ponce's motion. Over his objection, the court later included an instruction to the jury that defined constructive possession according to the *Walton* definition.[1] Mr. Ponce was convicted of one count of possession of cocaine and sentenced to thirty-five days in jail.

The only issue on appeal is whether the trial court properly instructed the jury that constructive possession may be proved by showing that the defendant had dominion and control over either the drugs or the premises in which the drugs were found.

■ Jury instructions are sufficient if, taken as a whole, they inform the jury of the applicable law, are not misleading and permit the defendant to argue his or her theory of the case. *State v. Hoffman*, 116 Wn.2d 51, 109-11, 804 P.2d 577 (1991); *City of Yakima v. Irwin*, 70 Wn. App. 1, 10, 851 P.2d 724, *review denied*, 122 Wn.2d 1022 (1993). Mr. Ponce's proposed instruction limited constructive possession to "dominion and control over the substance." In *Olivarez*, 63 Wn. App. at 486, the trial court refused to give a nearly identical instruction and the appellate court reversed, finding that "[u]nder RCW 69.50.401(a) it is a crime to possess a controlled substance. It is not a crime to have dominion and control over the premises where the

---

[1]Instruction 11 provides:

"Possession means having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when the substance is in the actual physical custody of the person charged with the possession. Constructive possession occurs when there is no actual physical possession, but there is dominion and control over the substance or the premises upon which the substance is found. Such possession need not be exclusive."

substance is found. That fact is one of the circumstances from which constructive possession may be inferred."

■ Since *Olivarez*, we have refined and solidified the law on constructive possession. Recent cases have established that the State may show that the person charged had dominion and control over the contraband *or* over the premises in which the contraband was found. *See, e.g., State v. Jeffrey*, 77 Wn. App. 222, 227, 889 P.2d 956 (1995) (house); *State v. Collins*, 76 Wn. App. 496, 501, 886 P.2d 243 (dominion and control over apartment), *review denied*, 126 Wn.2d 1016 (1995); *State v. Galbert*, 70 Wn. App. 721, 727, 855 P.2d 310 (1993) (house); *State v. Paine*, 69 Wn. App. 873, 878, 850 P.2d 1369 (apartment), *review denied*, 122 Wn.2d 1024 (1993); *State v. Huff*, 64 Wn. App. 641, 653, 826 P.2d 698 (car), *review denied*, 119 Wn.2d 1007 (1992); *Walton*, 64 Wn. App. at 416 (house); *State v. Bradford*, 60 Wn. App. 857, 862, 808 P.2d 174 (house), *review denied*, 117 Wn.2d 1003 (1991).

■■ Dominion and control is determined by looking at the totality of the circumstances, including whether the residence is temporary or permanent and whether the defendant had personal knowledge of the presence of the drugs. *Collins*, 76 Wn. App. at 501. Mr. Ponce admitted at trial that he had rented and resided at the apartment for about two months prior to the police search. Additionally, the jury was instructed that possession of a controlled substance is not unlawful if the defendant did not know it was in his possession. The jury had to find not only that Mr. Ponce was a resident of the premises, but that he knew the cocaine was on the premises. Instructions must be considered as a whole. *State v. Schulze*, 116 Wn.2d 154, 167, 804 P.2d 566 (1991). The two instructions together prevent the constructive possession instruction from operating as a "directed verdict" for possession. *Jeffrey*, 77 Wn. App. at 227 (factors pointing to dominion and control include residency and knowledge of the illegal item).

Altogether, the court's instructions were supported by the evidence and informed the jury of the applicable law.

*State v. Soderholm*, 68 Wn. App. 363, 375-76, 842 P.2d 1039 (1993).

Affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.