[Nos. 33353-4-I; 35559-7-I.   Division One.   August 26, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. RAUL
AYON CANTABRANA, *Appellant.*

*David B. Koch* and *Nielsen & Acosta*; and *Elaine L.
Winters* of *Washington Appellate Defender Association*, for
appellant.

*Norm Maleng, Prosecuting Attorney*, and *Dana Cash-
man, Deputy*, for respondent.

KENNEDY, A.C.J. — Raul Cantabrana appeals his conviction of possession of heroin and cocaine with intent to distribute. The jury was instructed that constructive possession of drugs occurs when a person has dominion and control over the premises in which the drugs are found. We hold that the jury should have been instructed that dominion and control over premises raises a rebuttable inference of dominion and control over drugs found therein. Accordingly, we reverse and remand for a new trial.

## FACTS

Late in the morning on a spring day in 1993, Seattle Police executed a search warrant at Raul Cantabrana's residence. Inside the apartment, police found Cantabrana in the bathroom, and three other men sitting in the living room. In various places throughout the apartment police found approximately 286 grams of suspected heroin with an estimated street value of $71,500, 117 grams of suspected cocaine with an estimated street value of $11,700, a handgun, packaging materials, a suspected cutting agent, scales, a pager, money order receipts, over $5,000 in cash, and a small notebook containing what appeared to police to be records of narcotics sales. The detectives located Cantabrana's identification, personal papers and bills at the apartment, and found a rent receipt for the apartment in the names of "Raul Ayon Contar" and "Miguel Angel Lopez." Police also found telephone bills for the apartment that did not include Cantabrana's name, and a telephone bill addressed to Cantabrana showing a different address from the address of the apartment

searched. One of Cantabrana's co-defendants testified that Cantabrana shared his bedroom with another person.

The State charged Cantabrana and others with possession of heroin and cocaine with intent to deliver, in violation of RCW 69.50.401(a)(1)(i). Charges against two of the co-defendants were dismissed after a *Knapstad*[1] motion. The jury found the third co-defendant not guilty of Count II, but could not reach a verdict on Count I. The jury found Cantabrana guilty of both counts. Cantabrana was sentenced within the standard range, and now appeals.

## DISCUSSION

### I

Cantabrana requested that the trial court give as a jury instruction WPIC 50.03, which does not permit constructive possession to be found solely upon evidence of dominion and control over premises where drugs are located:

> Possession means having a substance in one's custody or control. It may be actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control *over the substance*. Dominion and control need not be exclusive to establish constructive possession. (Emphasis ours.)

The court rejected Cantabrana's request, and instead instructed the jury that:

> Possession means knowingly having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with the possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance *or the premises* upon which the substance was

---

[1]*State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

found. Dominion and control does not have to be exclusive to establish constructive possession. (Instruction 14; emphasis ours.)

Mere presence of the defendant at a residence where drugs are found is insufficient to establish constructive possession. The State must prove beyond a reasonable doubt that the defendant exercised dominion and control over the premises where drugs were found. (Instruction 21; emphasis ours.)

Clerk's Papers at 71, 78. Cantabrana challenges the trial court's decision to give Instructions 14 and 21, contending that by requiring the jury to find him in constructive possession of the drugs once the jury found that he had dominion and control over the premises in which the drugs were found, the instructions misstated the law and denied him a fair trial. We agree.

■■ In *State v. Olivarez*, 63 Wn. App. 484, 820 P.2d 66 (1991), Division Three of this court considered a jury instruction essentially identical[2] to Instruction 14 and found it to be defective. In *Olivarez*, as here, the trial judge refused to use the WPIC 50.03 instruction offered by the defendant. Instead, the judge instructed the jury that constructive possession of drugs occurred where there was dominion and control over the premises where the drugs were found. *Olivarez*, 63 Wn. App. at 485. The *Olivarez* court found that the instruction incorrectly operated as a directed verdict on the element of possession:

Had the jury been instructed using WPIC 50.03, it could have found Mr. Guiterrez did not have constructive possession of the cocaine even though he did have joint dominion and control with others over the premises where it was found. Here the jury was compelled to infer constructive possession of cocaine if it found Mr. Guiterrez had dominion and control

---

[2]The instruction given in *Olivarez* was: "Possession means having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when it is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance, or the premises where the substance is found. Such possession need not be exclusive." *Olivarez*, 63 Wn. App. at 485 (emphasis omitted).

over the premises. Thus, instruction 12 in effect operated as a directed verdict of guilt on the lesser included offense of possession of a controlled substance.

*Olivarez*, at 486. Division Three has since retreated from its holding in *Olivarez* by approving the very instruction disapproved of in *Olivarez*. *See State v. Ponce*, 79 Wn. App. 651, 904 P.2d 322 (1995). We agree with the reasoning of *Olivarez* and disapprove of the reasoning of *Ponce*.

It is important to distinguish cases involving claims of improper jury instructions from cases involving claims of insufficient evidence. This the *Ponce* court failed to do. When the sufficiency of the evidence is challenged on the basis that the State has shown dominion and control only over premises, and not over drugs, courts correctly say that the evidence is sufficient because dominion and control over premises raises a rebuttable inference of dominion and control over the drugs. The problem with Instructions 14 and 21 in this case is that they failed to inform the jury that the inference is, in fact, rebuttable. Indeed, Instructions 14 and 21 compelled the jury to find dominion and control over the drugs if it found dominion and control over the premises. It is not a crime to have dominion and control over premises where drugs are found. *Olivarez*, 63 Wn. App. at 486. Instead, dominion and control over premises in which police discover drugs is but one factor in determining whether the defendant had dominion and control, i.e., constructive possession, over the drugs themselves. *See State v. Roberts*, 80 Wn. App. 342, 353, 908 P.2d 892 (1996) (citing *State v. Callahan*, 77 Wn. 2d 27, 30, 459 P.2d 400 (1969)). Jury instructions must make the relevant legal standard manifestly apparent to the average juror. *State v. LeFaber*, 128 Wn.2d 896, 900, 913 P.2d 369 (1996).

Although Cantabrana objected at trial only to Instruction 14, and not to Instruction 21, his objection should have alerted the judge to the defect in both instructions. In view of the judge's ruling on Instruction 14, an additional objection to Instruction 21 would likely have been

a useless endeavor. Because both Instruction 14 and 21 suffer from the same defect, we reject them both, and remand for a new trial.[3]

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

GROSSE and AGID, JJ., concur.

---

[3]An example of an appropriate instruction in this case would be: "A person who has dominion and control over premises where drugs are found may be inferred to have dominion and control over the drugs themselves. This inference is not binding upon you and it is for you to determine what weight, if any, the inference is to be given." *Cf.* WPIC 60.05. Although this instruction may be unnecessary when the trial court utilizes WPIC 50.03, when the trial court utilizes instructions such as instructions 14 and/or 21 in this case, a rebuttable inference instruction becomes essential.