[No. 18261-4-III. Division Three. October 12, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM RICHARD PORTREY, *Appellant*.

*Paul J. Wasson II*, for appellant.

*Ronald B. Shepherd, Prosecuting Attorney*, and *Clark D. Colwell, Special Deputy*, for respondent.

KATO, J. — William R. Portrey appeals his convictions and sentence for possession of more than 40 grams of marijuana and possession of marijuana with intent to manufacture or deliver. He contends the trial court erred in failing to instruct the jury that mere presence at a place where drugs are found is insufficient to establish constructive possession. He also contends the State's evidence was insufficient and his convictions on both counts violated his right against double jeopardy. We affirm the conviction for possession with intent to manufacture or deliver, but vacate the conviction for possession of more than 40 grams of marijuana.

Officers of the Lincoln County Sheriff's Department were participating in a marijuana eradication program on September 15, 1998. The program involved a ground crew comprised of six deputies and a helicopter crew comprised of a pilot, a spotter, and a deputy. On that day, the program

focused on the Hawk Creek Canyon area, an undeveloped, hilly, and rocky area with no fences.

The airborne spotter saw a cluster of five marijuana plants near the creek and directed the ground-based deputies to the area. The spotter then saw a second cluster of marijuana plants about 50 feet away from the first. He advised the deputies that a man was lying in the bushes near the second cluster of plants. On the helicopter's second pass over the site, the spotter noticed that one of the marijuana plants had been knocked down since the first pass.

The deputies then went to the second cluster, where they found Mr. Portrey, sweaty, muddy, and wearing a camouflage jacket. Mr. Portrey was not actually holding any marijuana and was not the owner or tenant of the property where any plants were found. Deputies eventually found several other clusters of plants, one of which was about 150 feet from his home. Each of the plants had a length of black plastic tubing at its base.

Mr. Portrey and his family lived approximately 200 yards from the cluster near where he was found. Several trails wound through the area, and the helicopter spotter testified the trails appeared to go to and from the Portreys' residence.

The deputies arrested Mr. Portrey and obtained a warrant to search his home. They executed the warrant the next day, but found nothing incriminating except a roll of black tubing like that found around the base of the marijuana plants.

Mr. Portrey was charged initially with possession of marijuana with intent to manufacture or deliver in violation of RCW 69.50.401(a). Before trial, the State was permitted to amend the information to add a charge of possession of more than 40 grams of marijuana in violation of RCW 69.50.401(d)-(e). A jury convicted Mr. Portrey of both counts and the court sentenced him to 75 days on the possession-with-intent conviction and 60 days on the simple possession conviction, to run concurrently.

Mr. Portrey first contends the trial court deprived him of a fair trial by rejecting his proposed instruction on constructive possession. The court instructed the jury as follows:

> Possession means having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance. [Dominion and control need not be exclusive to establish constructive possession.]

*See* 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 50.03, at 640 (2d ed. 1994).

The court rejected defense counsel's proposed instruction, which would have omitted the last sentence and added the following sentence:

> Mere presence of the defendant in the area where drugs are found is insufficient to establish constructive possession.

■■■■ A trial court has considerable discretion in the wording of a jury instruction so long as the instruction correctly states the law and allows each party to argue its theory of the case. *State v. Brown*, 132 Wn.2d 529, 618, 940 P.2d 546 (1997), *cert. denied*, 523 U.S. 1007 (1998); *State v. Mark*, 94 Wn.2d 520, 526, 618 P.2d 73 (1980). A specific instruction is not necessary when a more general instruction adequately explains the law. *Brown*, 132 Wn.2d at 605.

As support for his proposed instruction, Mr. Portrey relies on *State v. Cantabrana*, 83 Wn. App. 204, 921 P.2d 572 (1996). At issue in that case was whether a jury instruction may properly require jurors to infer constructive possession if the defendant exercised dominion and control over the *premises* where the item was located. *Id.* at 207. Here, dominion and control of the *premises* was not an issue, and *Cantabrana* does not apply.

■■■■ It is true, as Mr. Portrey points out, that mere

proximity to a drug is not sufficient to establish constructive possession. *See State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969); *State v. Huff*, 64 Wn. App. 641, 655, 826 P.2d 698, *review denied*, 119 Wn.2d 1007 (1992). However, the more general instruction on the subject of constructive possession permitted Mr. Portrey to argue his theory, which was that, although he was found near the cluster of marijuana plants, he was not in possession of them. In *State v. Castle*, 86 Wn. App. 48, 935 P.2d 656, *review denied*, 133 Wn.2d 1014 (1997), the court affirmed a trial court's refusal of a similar proposed instruction because the State's case did not rest solely on the defendant's proximity. *Id.* at 61-62. Similarly here, the State presented other evidence supporting constructive possession: The proof suggested he attempted to conceal himself and at least one plant to avoid detection; black plastic tubing like that used on the plants was found at his home; and trails from his residence led to the clusters of plants.

Defense counsel's closing argument acknowledged this additional evidence and attempted to provide innocent explanations for his presence. The court's instruction thus permitted defense counsel to argue his theory of the case. There was no error.

■ Mr. Portrey next contends the evidence was insufficient to establish constructive possession of the marijuana.[1] When a defendant challenges the sufficiency of the evidence against him, we must examine the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980). We must draw all reasonable inferences in the State's favor and interpret them most

---

[1] Mr. Portrey also has assigned error to the trial court's denial of his motion to dismiss at the close of the State's case. However, a defendant who presents evidence after the denial of such a motion may not appeal the denial. *State v. Allan*, 88 Wn.2d 394, 396, 562 P.2d 632 (1977); *State v. Jackson*, 82 Wn. App. 594, 608, 918 P.2d 945 (1996), *review denied*, 131 Wn.2d 1006 (1997). We therefore address only the sufficiency of the evidence as a whole, which may be raised on appeal. *See id.*

strongly against the defendant. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

 Because Mr. Portrey was not in actual possession of the marijuana, the issue here is whether there was sufficient evidence of constructive possession. The analysis requires us to "look at the totality of the situation to determine if there is substantial evidence tending to establish circumstances from which the jury can reasonably infer that the defendant had dominion and control of the drugs and thus was in constructive possession of them." *Id.* at 906 (emphasis omitted).

The evidence here is ample. In addition to Mr. Portrey's presence near one of the clusters, there was evidence suggesting he attempted to hide himself and one of the plants from detection by the aerial spotter. He was wearing a camouflage jacket on a warm day. Trails near the clusters led to and from Mr. Portrey's residence. At his residence, deputies found black plastic tubing like that used around the base of the plants. From this evidence, a jury reasonably could infer that Mr. Portrey constructively possessed the marijuana. There was no error.

 Finally, Mr. Portrey contends his convictions on both counts violated his right against double jeopardy.[2] The double jeopardy clauses of the Fifth Amendment and WASH. CONST. art. I, § 9 prohibit multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 888 P.2d 155 (1995); *State v. Maxfield*, 125 Wn.2d 378, 886 P.2d 123 (1994). The clauses apply if the defendant's acts are legally identical and based on the "same act or transaction." *Kansas v. Hendricks*, 521 U.S. 346, 370, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997). There is no dispute that the offenses here are based on the same act. We thus examine whether they are legally identical.

Although the double jeopardy protection is constitutional, the judicial analysis "is limited to determining

---

[2] Mr. Portrey may raise this constitutional issue on appeal, even though he did not raise it before the trial court. *See State v. Bobic*, 140 Wn.2d 250, 257, 996 P.2d 610 (2000).

whether the Legislature intended to authorize multiple punishments." *State v. Read*, 100 Wn. App. 776, 790, 998 P.2d 897 (2000) (citing *Calle*, 125 Wn.2d at 776). Under Washington's "same evidence" test:

> If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses.

*State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983); *see Calle*, 125 Wn.2d at 777.

Possession of marijuana with intent to manufacture or deliver requires proof of intent, an element not required for possession of more than 40 grams of marijuana. Also, possession of more than 40 grams of marijuana requires proof that the defendant possessed at least 40 grams of marijuana, an element not required for possession with intent to manufacture or deliver. This case thus is distinguishable from *State v. O'Connor*, 87 Wn. App. 119, 123, 940 P.2d 675 (1997), which involved possession of methamphetamine. Unlike marijuana, there is no minimum weight limit for simple possession of methamphetamine. *See* RCW 69.50.401. This explains *O'Connor*'s conclusion that the crimes of simple possession of methamphetamine and possession of methamphetamine with intent to deliver are identical in law.[3] *O'Connor*, 87 Wn. App. at 123. With marijuana, however, each of the offenses requires proof of an element not included as an element in the other. The offenses thus are not legally identical under the "same evidence" test.

However, the "same evidence" test is not always dispositive and does not apply if there is a "clear indication of contrary legislative intent." *See Calle*, 125 Wn.2d at 778; *Read*, 100 Wn. App. at 792; *State v. Schwab*, 98 Wn. App. 179, 184, 988 P.2d 1045 (1999). In *Read*, this court recently

---

[3] For the same reason, possession of a controlled substance (other than marijuana) is a lesser included offense of possession with intent to deliver. *O'Connor*, 87 Wn. App. at 123 n.2.

concluded it was "inconceivable" that the Legislature intended that a single homicide by gunshot could result in convictions for both second degree murder and first degree assault. *Read*, 100 Wn. App. at 792. Similarly here, the Legislature has concluded that possession of less than 40 grams of marijuana is less culpable than possession of more than that amount. *See* RCW 69.50.401(e) ("[A]ny person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor"). The Legislature clearly intended to place possession of marijuana in amounts over 40 grams in the same class as possession of other controlled substances. It is inconceivable that the Legislature intended to require more severe punishment for those who possess more than 40 grams of marijuana with intent to manufacture or distribute than for those who possess other controlled substances with intent to manufacture or distribute. The Legislature thus could not have intended that a person could be convicted of both possession of more than 40 grams of marijuana and possession of marijuana with intent to manufacture or deliver, when it would not permit double convictions for possession of other controlled substances. We therefore hold that the marijuana offenses, like those for other controlled substances, are the same, and Mr. Portrey's conviction on both counts violated his right against double jeopardy.[4]

██ Mr. Portrey apparently contends the remedy should be vacation of the greater crime. He cites no authority for this argument, which is in conflict with Washington law. *State v. Cunningham*, 23 Wn. App. 826, 863, 598 P.2d 756 (1979) (appropriate remedy for double jeopardy violation is to set aside conviction and sentence on lesser offense), *reversed on other grounds*, 93 Wn.2d 823, 613 P.2d 1139 (1980); *see Schwab*, 98 Wn. App. at 190 (conviction for second degree felony murder affirmed and conviction for

---

[4] The double jeopardy violation persists despite the fact that Mr. Portrey's sentences for the two convictions were to be served concurrently. *Calle*, 125 Wn.2d at 774-75 (citing *Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985)); *see State v. Adel*, 136 Wn.2d 629, 632, 965 P.2d 1072 (1998); *Read*, 100 Wn. App. at 792-93; *Schwab*, 98 Wn. App. at 187 n.4.

first degree manslaughter vacated on double jeopardy grounds). The appropriate remedy is vacation of the lesser conviction.

We affirm Mr. Portrey's conviction for possession of marijuana with intent to manufacture or deliver, but we vacate the conviction for possession of more than 40 grams of marijuana. The case is remanded for resentencing.

BROWN, A.C.J., and SCHULTHEIS, J., concur.