174 P.3d 1214 (2007)
STATE of Washington, Respondent,
v.
Charles Forrest SHUMAKER, Appellant.
No. 25860-2-III.
Court of Appeals of Washington, Division 3.
December 27, 2007.
Janet G. Gemberling, Gemberling & Dooris PS, Spokane, WA, for Appellant.
Stephen Phillip Scott, Attorney at Law, Grant Pros. Attorney, Teresa Jeanne Chen, Grant County Prosecutors Office, Ephrata, WA, for Respondent.
SWEENEY, C.J.
¶ 1 To prove constructive possession of drugs, the State must show dominion and control over the drugs. Dominion and control over the premises where drugs are found is one circumstance to be considered by the trier of fact. Dominion and control of the premises does not, however, create an inference that the defendant had dominion and control over the drugs found on the premises. To the extent we held otherwise in State v. Ponce,[1] we overrule that holding and conclude that we were correct in State v. Olivarez.[2] We then reverse the conviction here for possession of marijuana with intent to deliver and remand for a new trial with correct jury instructions for possession of a controlled substance.

FACTS
¶ 2 Charles Shumaker was involved in a car accident. The police investigated and arrested him for driving with a suspended license. Mr. Shumaker had a passenger in his car, Aimee Mielke. Officers searched the car incident to the arrest.
¶ 3 The police saw a backpack in the passenger side of the car. Earlier Ms. Mielke had the backpack. An officer found about 185 grams of marijuana inside that backpack along with a digital gram scale, used marijuana *1215 pipes, packaging materials, and a list of names and numbers.
¶ 4 A police officer asked Mr. Shumaker about the marijuana in the backpack. He says he thought that the officer had asked about a small amount of marijuana in a bag located in the trunk. Mr. Shumaker told the officer that the marijuana in that bag belonged to him.
¶ 5 The police impounded the car. The next day they searched the trunk. They found a much smaller amount of marijuana (8.2 grams) in the trunk.
¶ 6 The State charged Mr. Shumaker with possession of marijuana with intent to manufacture or deliver and driving with a suspended license.
¶ 7 Defense counsel questioned potential jurors about their experience with hearing loss during the jury selection process. A short time later, one of the potential jurors told defense counsel that she was "talking a little softer, it's real hard [to hear]." Report of Proceedings (RP) (Jan. 10, 2007) at 30. Defense counsel stated that she would "try to speak up." Id.
¶ 8 Mr. Shumaker took the stand during the trial. And there were again problems with people hearing the proceedings. Defense counsel started to question Mr. Shumaker. The judge interrupted the attorney and said "[y]ou need to speak loud. I have poor hearing, so speak up just a little." 2 RP at 235. Several minutes later, the judge asked whether everyone could hear. A juror replied no and the judge said "[y]ou need to speak louder." Id. at 236. Mr. Shumaker said that the possession of marijuana he was referring to was the smaller bag in the trunk and not the bag in the passenger seat. Id. at 243.
¶ 9 The State and defense both proposed jury instructions on possession of a controlled substance. The State's proposed instruction defined constructive possession as "no actual physical possession, but there is dominion and control over the substance or the premises upon which the substance is found. Such possession need not be exclusive." Clerk's Papers (CP) at 35.
¶ 10 Mr. Shumaker's proposed instruction defined constructive possession according to WPIC[3] 50.03 as "no actual physical possession but there is dominion and control over the substance. Dominion and control need not be exclusive to establish constructive possession." CP at 19. It also would have told the jury that proximity to the substance without dominion and control over the drug was not enough to establish constructive possession. The court gave the State's version of the constructive possession instruction.
¶ 11 The jury found Mr. Shumaker guilty of possession with intent to manufacture or deliver marijuana and driving with a suspended license.

DISCUSSION
¶ 12 Mr. Shumaker contends that the court's instructions to the jury on constructive possession were wrong because the jury could find him guilty based solely on dominion and control over the premise rather than the drugs. State v. Cantabrana, 83 Wash. App. 204, 207-08, 921 P.2d 572 (1996). The State notes that this division of the court in Ponce has specifically approved the instruction given by the court. Ponce, 79 Wash. App. at 654, 904 P.2d 322. And Mr. Shumaker did not properly object to the instruction, in any event.
¶ 13 First, Mr. Shumaker properly objected to the instruction by proposing an alternate instruction that he now argues was the correct statement of the law. CP at 19.
¶ 14 "Whether a jury instruction correctly states the applicable law is a question of law that we review de novo." State v. Cuble, 109 Wash.App. 362, 368, 35 P.3d 404 (2001).
¶ 15 Mr. Shumaker is correct that mere proximity to a controlled substance is not sufficient to establish constructive possession. State v. Portrey, 102 Wash.App. 898, 902-03, 10 P.3d 481 (2000); State v. Huff, 64 Wash.App. 641, 655, 826 P.2d 698 (1992).
*1216 ¶ 16 We had previously concluded in Olivarez that constructive possession is "established by showing the person charged has dominion and control over" the drug. Olivarez, 63 Wash.App. at 486, 820 P.2d 66. The fact that a person has dominion and control over the premises where a drug is found is only one of the circumstances from which constructive possession can be inferred by the jury. Id. We then retreated from that holding and in Ponce approved the very instruction we disapproved of in Olivarez. Cantabrana, 83 Wash.App. at 208, 921 P.2d 572; see Ponce, 79 Wash.App. 651, 904 P.2d 322. The jury instruction in Ponce, like the one in this case, incorrectly stated that constructive possession is defined by showing that the defendant had dominion and control over either the drugs or the premises in which the drugs were found. Ponce, 79 Wash.App. at 654, 904 P.2d 322; CP at 35. The correct instruction for constructive possession was whether a defendant had dominion and control over the substance only. Olivarez, 63 Wash.App. at 486, 820 P.2d 66. We were, then, wrong in Ponce regarding the jury instruction for constructive possession for the reasons set out in Olivarez and Cantabrana. Olivarez, 63 Wash.App. at 486-87, 820 P.2d 66; Cantabrana, 83 Wash.App. at 206-08, 921 P.2d 572.
¶ 17 It is, of course, a crime to have possession of a controlled substance. RCW 69.50.401(1). As the court in Olivarez pointed out: "It is not a crime to have dominion and control over the premises where the substance is found." Olivarez, 63 Wash.App. at 486, 820 P.2d 66. That is only one circumstance bearing on whether the defendant had constructive possession of the drugs. Id.; Cantabrana, 83 Wash.App. at 208, 921 P.2d 572.
¶ 18 To the extent that Ponce can be read to require an inference of constructive possession based on dominion and control of the premises, we overrule our holding and conclude instead that the State must show constructive possession of the drugs. Olivarez, 63 Wash.App. at 486-87, 820 P.2d 66. In other words, the State must show dominion and control over the substance for a proper conviction under constructive possession. Id. This is also in accordance with WPIC 50.03, which defines constructive possession as "no actual physical possession but there is dominion and control over the substance."
¶ 19 Given our disposition, we need not address Mr. Shumaker's claim that he was entitled to a mistrial based on the judge's comments that he could not hear. Hizey v. Carpenter, 119 Wash.2d 251, 271, 830 P.2d 646 (1992).
¶ 20 We reverse and remand for a new trial with the proper jury instructions.
WE CONCUR: SCHULTHEIS and STEPHENS, JJ.
NOTES
[1] State v. Ponce, 79 Wash.App. 651, 904 P.2d 322 (1995).
[2] State v. Olivarez, 63 Wash.App. 484, 820 P.2d 66 (1991).
[3] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL (2d ed. 1994) (WPIC).