IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33791-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANETTE R. JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Janette R. Johnson appeals her conviction of unlawful possession of a controlled substance—methamphetamine. She challenges the sufficiency of the evidence to support the conviction. We affirm.

## FACTS

Since Janette Johnson challenges the sufficiency of evidence, we relate trial testimony relevant to the charge of possession of a controlled substance. Police Officer Traci Ponto and other officers of the Code Enforcement Unit went to the residence of Janette Johnson on April 9, 2015 to enforce a stipulated abatement order. Johnson owned the residence and rented rooms to tenants. The order of abatement required all tenants to leave the residence by April 3 and Johnson to vacate the home no later than April 9. The order resulted from the home becoming crowded with drug users.

When Officer Traci Ponto and her colleagues arrived at the residence, Janette Johnson was the only occupant. After officers conducted a protective sweep and

permitted Johnson to remove belongings, officers perused each room on the main floors and basement to view the condition of the premises. A basement entry lay by a stairway off the kitchen. Two officers maneuvered a three-foot by three-foot cart or frame in order to traverse the stairwell. At trial, Officer Ponto testified that officers might have been able to proceed down the stairwell without moving the cart, but moving of the cart provided easier access to the basement. The position of the cart suggested that someone earlier lugged the cart up the stairs until the cart stuck on the stairwell. Officer Ponto joined other officers in the basement.

Janette Johnson's residence basement housed a common area with an open room containing a mattress and bedding on the floor. A small cubbyhole area comprised a makeshift room with a couch. Drug paraphernalia, including rubber tubing, syringes, bloodstained cotton, and pieces of foil littered the basement. Graffiti written on the wall next to the stairwell cleverly declared: "There is no I in team, but there is me in meth." Report of Proceedings (RP) at 28. In plain view on the floor next to the mattress, Officer Traci Ponto located a syringe containing a brown liquid. The liquid field tested positive for heroin, but later proved in laboratory testing to contain methamphetamine.

## PROCEDURE

The State of Washington charged Janette Johnson with unlawful possession of a controlled substance—methamphetamine. At trial, Officer Traci Ponto served as the

2

State's principal witness. Janette Johnson did not testify or present any evidence. The jury found her guilty as charged.

## ANALYSIS

The sole issue on appeal is whether sufficient evidence supported Janette Johnson's conviction for possessing a controlled substance. In reviewing a challenge to the sufficiency of the evidence, we view the evidence and all reasonable inferences in a light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences that a trier of fact can draw from the evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The crime of unlawful possession of a controlled substance requires proof of two elements: (1) possession (2) of a controlled substance. RCW 69.50.4013(1). Methamphetamine is a controlled substance. RCW 69.50.206(d)(2).

Possession may be actual or constructive. *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969). A person has actual possession when she has physical custody of the item. *State v. Callahan*, 77 Wn.2d at 29. A person has constructive possession when he has dominion and control over the item. *State v. Callahan*, 77 Wn.2d at 29. Courts determine whether a person has dominion and control over an item by considering the totality of the circumstances. *State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977).

3

Mere proximity to a controlled substance is not sufficient to establish constructive possession. *State v. Shumaker*, 142 Wn. App. 330, 333, 174 P.3d 1214 (2007).

Dominion and control over the premises where controlled substances are found does not, by itself, prove constructive possession. *State v. Tadeo-Mares*, 86 Wn. App. 813, 816, 939 P.2d 220 (1997). Instead, dominion and control over the premises in which the drugs are found raises a rebuttable inference of dominion and control over the drugs. *State v. Cantabrana*, 83 Wn. App. 204, 208, 921 P.2d 572 (1996). Dominion and control of premises is one circumstance bearing on whether a defendant had constructive possession of the drugs. *State v. Shumaker*, 142 Wn. App. at 334. One indicia of constructive possession is evidence that the defendant resides at the premises. *State v. Amezola*, 49 Wn. App. 78, 87, 741 P.2d 1024 (1987). Other circumstances that may be considered in determining constructive possession include whether the defendant had the ability to immediately take actual possession of the controlled substance, *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002), and whether the defendant had the capacity to exclude others from possession of the substance. *State v. Wilson*, 20 Wn. App. 592, 596, 581 P.2d 592 (1978). The trial court instructed the jury in Janette Johnson's case in accordance with the above principles. Instruction no. 10; Clerk's Papers at 30.

Janette Johnson contends the evidence failed to show that she had dominion and control over the basement where the methamphetamine was found. She emphasizes testimony that the residence had been overrun by drug users and that the basement room,

4

where Officer Ponto found the syringe, had been used as a sleeping quarter separate from her own main floor bedroom. She suggests the sleeping space constituted a separate dwelling unit under the Residential Landlord Tenant Act, chapter 59.18 RCW, thus limiting her right of entry to the basement and precluding her ability to immediately reduce the room's contents to her possession. She further contends that the metal cart physically blocked her access to the basement and thus she could not have taken immediate possession of the drugs. She thus concludes that the State's mere proof that she owned the premises is insufficient to show dominion and control over the basement sleeping area or constructive possession of the methamphetamine, particularly when the State lacked evidence that she knew of the presence of the drug. We reject these arguments.

The State's evidence showed that Janette Johnson owned and solely occupied the residence on April 9, thus raising the inference that she constructively possessed all items inside. Although drug users previously inhabited the house, the order of abatement demanded all tenants to vacate the premises by April 3 and Johnson held the sole right to occupy the home thereafter. Neither party presented evidence that anyone else inhabited or exerted any tenancy interest after April 3. The presence of the moveable metal frame in the stairwell did not render the basement inaccessible or preclude the jury from determining that Johnson possessed dominion and control over the basement and its contents.

5

No. 33791-0-III
*State v. Johnson*

Contrary to Janette Johnson's argument, the State did not need to prove that she knew the methamphetamine lay in the basement because knowledge is not an element of the crime of possession of a controlled substance. *State v. Bradshaw*, 152 Wn.2d 528, 537-38, 98 P.3d 1190 (2004). A defendant may raise an unwitting possession defense, which requires the defendant to show, by a preponderance of the evidence, that they did not knowingly possess the controlled substance. *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931 (1998). Johnson did not pursue that defense.

Viewing the evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that Janette Johnson had dominion and control over the syringe containing methamphetamine and was guilty of possession of a controlled substance.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____        _____
Korsmo, J.                                              Siddoway, J.

6