# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>R.H.,<br><br>Appellant. | No. 59979-1-II<br><br><br>UNPUBLISHED OPINION |

CHE, J. — RH appeals his guilty adjudication for second degree unlawful possession of a firearm by a minor. RH argues that insufficient evidence supported the trial court's conclusion that he had actual or constructive possession of the firearm. We disagree and affirm.

FACTS

On March 6, 2024, MW and SH were at a bus station in Port Townsend, Washington, when a vehicle drove by them. TN was driving the car and RH was the front seat passenger. As the car passed MW and SH, RH yelled a racial slur at them. TN then drove the car to BK's home and picked him up. BK sat in the backseat behind TN. RH knew BK had a firearm. TN drove the car back to the bus station and neared SH and MW again. As the car drove by SH and MW, BK pointed a black firearm with an extended grip at SH and MW through the open rear passenger window. MW heard RH say MW's name.

TN drove to RH's home located nearby. RH lived in a two-bedroom home with his father. Shortly thereafter, law enforcement arrived at RH's home and spoke with TN. While talking with TN, RH and BK exited the house. Law enforcement obtained a search warrant of the house based on the incident against MW and SH. During the search, the police found the gun likely used during the assault hidden in a crawlspace inside RH's father's bedroom. RH's father was not home at the time and nobody else was in the house.

The State charged RH with two counts of second degree assault with a deadly weapon and one count of second degree unlawful possession of a firearm by a minor. At the bench trial, witnesses testified consistently with the facts above. Additionally, officers testified they had to push away an ottoman and a cabinet covering most of the cutout in the floor to access the floor crawlspace. TN testified that on a prior unrelated occasion, she observed RH, RH's father, and BK accessing the crawlspace. Following a bench trial, the trial court found RH not guilty of the two counts of second degree assault with a deadly weapon and guilty of second degree unlawful possession of a firearm by a minor.

The trial court found that there was no direct evidence that RH handled the firearm. BK testified that the gun belonged to him and was in his possession at all times. BK usually hid his gun in RH's room within the couch cushions or mattress. He also testified that on the day of the incident, he brought the gun into RH's home and hid it in the crawlspace, located in RH's father's room, without being directed by RH. He stated the crawlspace was not hidden and nothing needed to be moved to access it. But the trial court found that BK's testimony was not credible. The trial court also found that TN's testimony, while more credible than BK's, was

biased because she was RH's girlfriend. The trial court further found that after the assault, TN, BK, and RH likely discussed what to do with the firearm after assaulting SH and MW and decided to stash the firearm in the crawlspace that they all knew about at RH's home.

Based on these findings, the trial court concluded that RH, under age 18 and not otherwise authorized to own or possess a firearm, knowingly had a firearm in his possession or control "where he knew that BK was in possession of a firearm and returned to his own home with BK where the firearm was knowingly secreted in a crawl space in one of two bedrooms." Supp. CP at 216. The trial court further concluded that

> R.H. had the firearm within his custody and control, and whether or not he had actual possession, at a minimum he had constructive possession because he had dominion and control over the firearm when it was placed in the crawl space in one of the two bedrooms in his house; R.H. had the ability to take control of the firearm and had dominion and control of the premises where the firearm was located.

Supp. CP at 216.

RH appeals.

ANALYSIS

RH argues that insufficient evidence supported the trial court's conclusion that he had constructive possession of the firearm and therefore his second degree unlawful possession of a firearm by a minor guilty adjudication must be reversed. We disagree.

Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences that a trier of

fact can draw from that evidence. *Id*. The trier of fact is the sole and exclusive judge of the evidence. *State v. Bencivenga*, 137 Wn.2d 703, 709, 974 P.2d 832 (1999). We defer to the trier of fact's resolution of conflicting testimony, evaluation of witness credibility, and decisions regarding the persuasiveness of evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

For a bench trial, "appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). RH does not assign error to any of the trial court's findings of fact; therefore, they are verities on appeal. *Id*. at 106 (unchallenged findings of fact are verities on appeal).

To prove RH guilty of second degree unlawful possession of a firearm, the State had to prove beyond a reasonable doubt that RH knowingly owned a firearm or knowingly had a firearm in his possession or control, that RH was under the age of 18 and not otherwise authorized to own or possess a firearm, and that the ownership, possession, or control of the firearm occurred in the State of Washington. RCW 9.41.040(2)(a)(v), .042.

Possession may be actual or constructive. *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). To establish constructive possession, the State had to show that RH had dominion and control over the firearm or the premises where it was found. *State v. Raleigh*, 157 Wn. App. 728, 737, 238 P.3d 1211 (2010); *State v. Portrey*, 102 Wn. App. 898, 904, 10 P.3d 481 (2000). "Dominion and control" means that the item "may be reduced to actual possession immediately."

*State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). Control need not be exclusive, but the State must show more than mere proximity to the firearm. *Raleigh*, 157 Wn. App. at 737.

RH emphasizes BK's testimony that the gun belonged to him, the gun was in his possession at all times, and he placed the gun in the crawlspace without direction from RH. He also testified that he did not need to move anything to access the crawlspace, but police testified that they had to move furniture out of the way to access the mostly covered crawlspace. The trial court found BK's testimony not credible. We defer to the trial court's evaluation of witness credibility and decisions regarding the persuasiveness of evidence. *Camarillo*, 115 Wn.2d at 71.

The evidence, when taken in the light most favorable to the State, establishes that RH had constructive possession of the firearm. The gun was in RH's home, in a hiding place RH knew about. The trial court could reasonably infer from the amount of time between the incident at the bus stop and the search that RH, TN, and BK went to RH's house to hide the gun. RH was the only resident of the home present at the time, reasonably giving him dominion and control of the entire premises before police arrived. Thus, the reasonable inferences from the evidence taken in the light most favorable to the State support the trial court's finding that RH had both knowledge and constructive possession of the gun.[1]

We affirm.

---

[1] RH argues in the alternative that remand is necessary for entry of written findings and conclusions. At the time the parties filed their briefs in this appeal, written findings and conclusions had not yet been filed. The trial court entered written findings and conclusions on May 28, 2025, which were then designated as part of the record on appeal. Accordingly, this issue is moot.

No. 59979-1-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, J.

Veljacic, C.J.