[No. 30974-9-I. Division One. January 9, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY
EUGENE COLLINS, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Paul G. Casey, Deputy,* for respondent.

BAKER, A.C.J. — Larry Collins appeals his conviction for possession of cocaine with intent to deliver. He contends the trial court erred by admitting hearsay testimony, and that there was insufficient evidence to support his conviction. We affirm, because we conclude that the challenged testimony was not hearsay.

## FACTS

When police officers arrived at an apartment leased to Marcia Early in order to execute a search warrant for illegal drugs, they found Defendant Collins in the apartment seated at a coffee table on which crack pipes and cocaine were located. They also found personal possessions belonging to Collins in boxes in a hallway and in and on a dresser in a bedroom where illegal drugs were found. While executing the warrant, Detective Gordon answered four or five telephone calls to the apartment. The callers asked for "Larry". Two of the callers made references to what Gordon believed to be cocaine transactions, one saying he or she wanted to pick up

something and the other saying she needed a "half". Gordon recognized another caller, Bliss, whom he knew to deal in cocaine. When that caller later arrived at the apartment, he was arrested.

At trial Gordon testified over defense objection regarding these telephone calls. The trial court determined that the telephone callers' statements asking for "Larry" were admissible as nonhearsay, circumstantial evidence tending to show Collins' dominion and control over the apartment. The court determined that the other statements made by the callers were admissible as state of mind evidence of the declarants, which is circumstantial evidence of drug traffic, or circumstantial evidence of the intent of the person with dominion and control over the drugs to deliver them.

## I

Collins argues that the callers' inquiries, asking if "Larry" was there, were hearsay and should not have been admitted. However, the inquiries were not hearsay. "A 'statement' is (1) an oral or written *assertion* or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." (Italics ours.) ER 801(a). " 'Hearsay' is a *statement* . . . offered in evidence to prove the truth of the matter asserted." (Italics ours.) ER 801(c). Assertion is not defined by the rule, but the advisory committee's note to subdivision (a) of Fed. R. Evid. 801, to which the Washington rule defers, provides that "nothing is an assertion unless intended to be one." Therefore, because an inquiry is not assertive, it is not a "statement" as defined by the hearsay rule and cannot be hearsay. *United States v. Lewis*, 902 F.2d 1176 (5th Cir. 1990); *see also United States v. Long*, 905 F.2d 1572 (D.C. Cir.), *cert. denied*, 498 U.S. 948 (1990). The trial court properly ruled the detective's testimony regarding the callers' inquiries was nonhearsay.

## II

Collins next argues that the statements of two of the callers, which the detective understood to be indicative of a desire to buy drugs, were inadmissible hearsay. The trial

court ruled that the statements were hearsay, but admissible as state of mind evidence of the declarants.[1] The callers' statements do not fall under the state of mind exception. However, the statements were also not hearsay and their admission was not error.

One caller stated he or she wanted to pick up something and the other stated she needed a half. The truth of the callers' statements, that they really did need or want something, was not at issue. However, implicit in the callers' statements is the belief that they could get the drugs they sought through Larry or at the apartment. This implied belief provides the evidentiary value of the statements.

 ER 801 defines hearsay as a statement offered to prove the truth of the matter asserted in that statement. The rule itself does not differentiate between express and implied assertions. However, the advisory committee's notes to Fed R. Evid. 801 expressly exclude implied assertions from the hearsay rule. "[V]erbal conduct which is assertive but offered as a basis for inferring something other than the matter asserted, [is] excluded from the definition of hearsay". Fed. R. Evid. 801 advisory committee's note to subdivision (a); *United States v. Zenni*, 492 F. Supp. 464, 469 (E.D. Ky. 1980). "The key to the definition is that nothing is an assertion unless intended to be one." Fed. R. Evid. 801 advisory committee's notes to subdivision (a). A person does not normally intend to assert an implied belief. Thus, the statements of the callers were not hearsay in the manner they were used at trial, and the court did not err in admitting them.

Our decision is in accord with the majority of federal circuits dealing with this issue. *See, e.g., United States v. Jara-*

---

[1]The court relied on *State v. Terrovona*, 105 Wn.2d 632, 716 P.2d 295 (1986) for its ruling that the callers' statements indicating the desire to buy drugs were admissible as evidence of state of mind. However, in *Terrovona* the court allowed the victim's statement to be used as evidence that the victim met the defendant. *Terrovona*, 105 Wn.2d at 642. In this case, the subsequent conduct of the declarants is irrelevant. Therefore, this narrow exception to the hearsay rule does not apply. *See Terrovona*, 105 Wn.2d at 640-42; 5B Karl B. Tegland, Wash. Prac., *Evidence* § 366, at 175 (3d ed. 1989).

*millo-Suarez*, 950 F.2d 1378 (9th Cir. 1991) (finding that a pay-owe sheet was not hearsay where not used to prove its truth but to show character and use of apartment where found); *United States v. Long, supra* (finding that a caller's inquiries regarding the availability of "a fifty" were not hearsay, because defendant produced no evidence that the inquiries were intended to assert that defendant was a drug dealer, and no implied assertion exists without an intent to assert); *United States v. Giraldo*, 822 F.2d 205 (2d Cir.) (finding statements of callers not hearsay where not used to prove their truth, but to show that cocaine possessed by defendant was for distribution), *cert. denied*, 484 U.S. 969 (1987); *United States v. Groce*, 682 F.2d 1359 (11th Cir. 1982) (finding that marks on nautical chart were not hearsay, because not intended to assert the matter to be proved (defendants' intended course)).

The Third Circuit takes a contrary view, holding that a statement is hearsay if "the statement's probative value depends on the truth of an assumed fact it implies." *United States v. Reynolds*, 715 F.2d 99, 103 (3d Cir. 1983); *see also United States v. McGlory*, 968 F.2d 309 (3d Cir.) (holding that implied assertions are hearsay when the truth of the implied assertion is at issue and relevant to guilt), *cert. denied*, 113 S. Ct. 415 (1992). In *Reynolds* the court found a codefendant's statement to defendant, "I didn't tell them anything about you", to be hearsay. *Reynolds*, 715 F.2d at 104. Although the statement was not offered to prove its truth, that the codefendant hadn't told the officers anything about the defendant, it was nevertheless hearsay because the fact of defendant's guilt was implied in the statement. The court noted that "statements containing express assertions may also contain implied assertions qualifying as hearsay and susceptible to hearsay objections." *Reynolds*, 715 F.2d at 103. The *Reynolds* rule has not been followed elsewhere, and the *Reynolds* court did not address the advisory committee notes to Fed. R. Evid. 801 addressed by other courts. We decline to follow it.

## III

■■ Finally, Collins argues that sufficient admissible evidence was not presented at trial to find either his dominion and control over the apartment or his complicity.

> A challenge to the sufficiency of the evidence to convict cannot be sustained if, considering the evidence in the light most favorable to the State, a rational trier of fact could have found all of the elements of the crime charged beyond a reasonable doubt.

*State v. Bradford*, 60 Wn. App. 857, 862, 808 P.2d 174, *review denied*, 117 Wn.2d 1003 (1991). Because the jury may have found Collins guilty either because he had constructive possession through dominion and control or because he aided or agreed to aid the person who did, there must be sufficient evidence to support both theories to avoid reversal. *State v. Amezola*, 49 Wn. App. 78, 90, 741 P.2d 1024 (1987).

■ In determining dominion and control, no one factor is dispositive. The totality of the circumstances must be considered. *See Bradford*, 60 Wn. App. at 862-63. Evidence of temporary residence, personal possessions on premises, *or* knowledge of presence of drugs, without more, is insufficient to show dominion and control. *Bradford*, 60 Wn. App. at 862. In this case, there is evidence of residence, personal possessions on the premises, *and* knowledge of the presence of drugs. And there is more. Several callers phoned asking for "Larry" while the police searched the apartment. Collins himself admitted he stayed in the apartment 15 to 20 times in the period of approximately 1 month. Further, there was no evidence that Collins had any other residence. *Compare State v. Davis*, 16 Wn. App. 657, 558 P.2d 263 (1977) (dominion and control not proved where defendant was temporary visitor and had another residence). Viewing this evidence in the light most favorable to the State, a rational trier of fact could have found that Collins had dominion and control of the apartment.

■ Accomplice liability exists if the defendant either aids or agrees to aid the primary actor in a crime. RCW 9A.08-.020. Aid can be accomplished by being present and ready to

assist. *See Amezola*, 49 Wn. App. at 88-89. To be guilty as an accomplice, the defendant must do more than be present with knowledge of the criminal activity. *Amezola*, 49 Wn. App. at 89-90; *State v. Galisia*, 63 Wn. App. 833, 840-41, 822 P.2d 303, *review denied*, 119 Wn.2d 1003 (1992). Collins' presence in the apartment, therefore, is not enough. However, Collins' involvement was greater than that. The statements of the callers tended to show that Collins was involved with drug trafficking. Collins also admitted at trial that he had told his friend Bliss that he could buy drugs at the apartment, and was present when Bliss called, asking for Collins, and then came to the apartment. The jury could reasonably believe, due to the callers' statements and Collins' presence, knowledge, and active involvement, that Collins had agreed to aid the possessor in the delivery of a controlled substance.

Viewing the evidence in the light most favorable to the State, sufficient admissible evidence was presented at trial to find Collins guilty either through constructive possession or through complicity.

Affirmed.

AGID and BECKER, JJ., concur.

Review denied at 126 Wn.2d 1016 (1995).