[No. 19079-0-III. Division Three. March 15, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY D. ALVAREZ, *Appellant*.

216

*Robert E. Schiffner*, for appellant.

*John D. Knodell, Prosecuting Attorney*, and *Carole L. Highland, Deputy*, for respondent.

SWEENEY, J. — Constructive possession requires dominion and control over the room, space, or area where police find contraband. The juvenile court found Anthony Alvarez guilty of constructive unlawful possession of a handgun discovered during a search for drugs at a teen hangout apartment. The court denied a CrR 3.5 motion to suppress a remark Mr. Alvarez made about his living arrangements during the search. Mr. Alvarez assigns error to the admission of this statement and the sufficiency of the evidence that he had dominion and control of the room where the gun was found. We conclude that the evidence here—some clothes, savings deposit books, and pictures—does not meet the threshold requirement for constructive possession. We therefore reverse his conviction for unlawful possession of a firearm.

## FACTS

Police served a warrant to search for evidence of drug activity at an apartment in Moses Lake. Mr. Alvarez and five other juveniles were brought into the front room and read their *Miranda*[1] rights. Police attempted to identify those who did not live there and allowed them to leave. They did not release Mr. Alvarez.

Police found a fully loaded .38 caliber revolver in a back bedroom closet. Photographs of Mr. Alvarez were taped to the wall of the closet. Some of his clothes were in the room. Some savings account deposit books in Mr. Alvarez's name were in a shoe box by the bed. Mr. Alvarez was charged with second degree unlawful possession of a firearm, based on constructive possession as the occupant of the bedroom.

CrR 3.5 Hearing. Mr. Alvarez moved to suppress a statement he made during the search which became relevant to the constructive possession. According to Officer Brian Jones, after the reading of *Miranda* warnings, Officer Jones asked the group which of them lived at the apartment. Mr. Alvarez said that he was on his own, or that he was staying there on his own. After this, Officer Jones began asking the detainees questions individually. He asked Mr. Alvarez whether he wanted to waive his rights. Mr. Alvarez replied that he wanted to talk to a lawyer.

Defense counsel argued that the statement should be suppressed because it was made after Mr. Alvarez asserted his right to counsel and without obtaining a waiver. The court relied on its recollection of Officer Jones' testimony that the statement was made before the request for counsel. The court ruled from the bench that the statement constituted an implied waiver, and was therefore voluntary and admissible.

Evidence of Occupancy. Officer Jeffrey Gaddis found newspaper articles and photographs. Three books of sav-

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

ings account deposits in Mr. Alvarez's name were in a shoe box next to the mattress. Mr. Alvarez's book bag was on the floor just inside the bedroom door. No rental documents, bills, or other mail were found. No fingerprints were taken. Mr. Alvarez had been present when the police visited the apartment two days prior to the warrant search. He was brought from a room down the hall where he was sleeping.

Mr. Alvarez denied the room was his. Phillip Jacobsen testified that only he and Aaron Pugh live there. Mr. Alvarez's girl friend and his grandmother testified that Mr. Alvarez lived with his grandparents.

The judge found that the room containing the gun was Mr. Alvarez's room. He found Mr. Alvarez guilty of unlawful possession of the gun.

## DISCUSSION

Mr. Alvarez contends that his statement was admitted in violation of his *Miranda* rights because police continued to question him after he asked for a lawyer. He also contends that the evidence was insufficient to support a finding that he had dominion and control of the room where the gun was found.

### Suppression Hearing

During the search, Officer Jones asked the group which of them lived at the apartment. Mr. Alvarez said that he was on his own. Defense counsel argued that the statement should be suppressed because it was made after Mr. Alvarez asserted his right to counsel and without obtaining a waiver. The court found that the statement was made before the request for counsel. It then concluded that the statement constituted an implied waiver and was voluntary and admissible.

None of this makes a difference. The statement was not introduced at the adjudication hearing. Nor is it included in the court's findings.

SUFFICIENCY

■■■ Standard of Review. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether a rational trier of fact could find the elements of the offense beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628 (1980). We regard unchallenged findings of fact as verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). Review is then limited to determining whether the findings support the conclusions of law. RAP 10.3(g); *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 323, 623 P.2d 702 (1981). The findings of fact must support the elements of the crime beyond a reasonable doubt. *State v. Tadeo-Mares*, 86 Wn. App. 813, 815-16, 939 P.2d 220 (1997).

■■■ We begin by reminding counsel that following fact-finding proceedings without a jury, both court rule and statute require the court to enter written findings of fact and conclusions of law. This facilitates review, which is limited to determining whether the written findings are supported by substantial evidence in the record and whether the findings support the conclusions and judgment. It is incumbent on at least one of the parties to the appeal to include the findings and conclusions in the clerk's papers. It is not this court's job to track them down. *State v. Echeverria*, 85 Wn. App. 777, 783 n.1, 934 P.2d 1214 (1997). Here, we had to track them down.

The court entered the following relevant written findings:

5) That if anyone showed any indication of occupying the southwest bedroom where the .38 caliber revolver was found, it was [Mr. Alvarez];

6) That there was no evidence that anyone else occupied that bedroom but for [Mr. Alvarez];

7) That although the residence was kind of a "party apartment" where kids were coming and going, it was [Mr. Alvarez] who had the trappings of possessions at the residence, to include saving deposit books, school text

books and pictures and newspaper articles concerning [Mr. Alvarez] and/or people with whom he had a connection all of which were located in the southwest bedroom;

8) That the testimony of [Mr. Alvarez's] girlfriend and grandmother as to where [Mr. Alvarez] resided was inconsistent and in conflict;

. . . .

12) That there was sufficient evidence, by virtue of [Mr. Alvarez's] occupancy of the southwest bedroom that he was in constructive possession of the .38 caliber revolver which was also located in the closet[.]

The court concluded:

4) That [Mr. Alvarez] owned, had in his possession, or control, a .38 caliber revolver;

5) That a .38 caliber revolver is a firearm;

. . . .

7) That [Mr. Alvarez] is guilty of unlawful possession of a firearm . . . .

■ Constructive Possession. It is a felony for a person under the age of 18 to possess or control a firearm, with certain nongermane exceptions. RCW 9.41.040(1)(b)(iii), (2)(b). Possession may be actual or constructive. Constructive possession can be established by showing the defendant had dominion and control either over the firearm itself or over the premises where the firearm was found. *Echeverria*, 85 Wn. App. at 783.

■■ Dominion and Control over the Premises. In establishing dominion and control over the premises, the totality of the circumstances must be considered. No single factor is dispositive. *State v. Collins*, 76 Wn. App. 496, 501, 886 P.2d 243 (1995).

Constructive possession of an apartment is usually established by showing the defendant leased the apartment, or paid rent and resided there. *Tadeo-Mares*, 86 Wn. App. at 816. Short of that, letters and bills addressed to the defendant at that address and the defendant's flight to the room in which the contraband was found when the police

arrived may be enough. *State v. Walton*, 64 Wn. App. 410, 416, 824 P.2d 533 (1992). Payment of rent or possession of keys will do. *State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977). Other factors deemed significant have been phone callers asking for the defendant at the address and the absence of any evidence the defendant had another address. *Collins*, 76 Wn. App. at 501.

Evidence of temporary residence or the mere presence of personal possessions on the premises is, however, not enough. *Partin*, 88 Wn.2d at 906; *Collins*, 76 Wn. App. at 501. In *Partin*, a finding of occupancy was based on photographs and articles featuring the defendant, a payment book for the purchase of the premises with Mr. Partin's paycheck stubs inside, three letters addressed to him, and his unemployment documents. Mr. Partin gave out the address as his own and had acted as if he owned the place on a previous police visit. *Partin*, 88 Wn.2d at 907-08. The phone rang repeatedly with callers asking for Mr. Partin. *Id.* at 907.

In *State v. Callahan*,[2] two books, two guns and a broken scale belonging to the defendant, plus evidence the defendant had been staying on the premises for two or three days was not enough. Even evidence that a person received some mail at a residence and lived there off and on was not sufficient to show constructive possession. *State v. Hagen*, 55 Wn. App. 494, 500, 781 P.2d 892 (1989). Some evidence of participation in paying rent is generally required. *State v. Callahan*, 77 Wn.2d 27, 31, 459 P.2d 400 (1969). "The single fact that he had personal possessions, not of the clothing or personal toilet article type, on the premises is insufficient" to support a conclusion of dominion and control. *Id.* A selection of minimal sufficient evidence is collected in *Walton*: receipts, utility and telephone bills addressed to the defendant; the presence of his small children; a business card with his name and the address of the premises. *Walton*, 64 Wn. App. at 416.

---

[2] 77 Wn.2d 27, 31, 459 P.2d 400 (1969).

Here, the court did not make a definitive finding that any person had dominion and control over the room. Only that, if anyone did, Mr. Alvarez was the most likely candidate. The only items arguably belonging to Mr. Alvarez were savings account deposit books, some books, and pictures and newspaper articles featuring him or people he was connected with. Finding of Fact 7. There was some evidence he resided elsewhere.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence. *State v. Barrington*, 52 Wn. App. 478, 484, 761 P.2d 632 (1988). We deem evidence sufficient to support a conviction if, viewed in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Randhawa*, 133 Wn.2d 67, 73, 941 P.2d 661 (1997) (citing *Green*, 94 Wn.2d at 221).

We accept the court's findings of fact as verities and give them the benefit of all favorable inferences. And doing so, the findings here are insufficient to conclude that Mr. Alvarez exercised dominion and control over the premises.

We reverse and dismiss the conviction for second degree unlawful possession of a firearm.

KURTZ, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied April 20, 2001.