IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 70014-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| C.W.P., | ) | |
| B.D. 02/07/97, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 21, 2014 |

PER CURIAM. C.P. appeals his juvenile conviction for fourth degree assault, arguing that the trial court erred in concluding that his act of "shoulder-checking" his sister constituted an assault. We affirm.

FACTS

On April 25, 2012, C.P. argued with his sister, Shandel Parmenter, about whether he could have friends over to their apartment in Issaquah. Their mother, Misie Parmenter, was still asleep in her bedroom. Shandel went into Misie's bedroom and told her about C.P.'s plans. When Shandel returned to the kitchen, C.P. called her a tattle-tale. The argument between the siblings then escalated.

Shandel told C.P. to "suck dick" — a phrase she knew would aggravate him. C.P., who is six feet, two inches tall and weighs over 200 pounds, lowered his shoulder and "shoulder-checked" Shandel, hitting her in the chest with the top part of his shoulder. Shandel testified that the contact was painful. A photograph taken by police 10 to 15 minutes after the contact showed a three-by-four-inch red mark on her chest. Misie testified that while she did not witness the assault, she heard the siblings yelling and C.P. saying, "I didn't hit you, I pushed you."

Shandel testified that she attempted to call 911 from a landline telephone in the kitchen, but C.P. ripped the phone cord out of the wall. She then took her cell phone from her jacket and called 911. She told the 911 operator that C.P. had struck her in the face, knowing that her statement was false.

C.P. did not testify and the defense called no witnesses. The court concluded that "[w]hile Shandel's offensive language may have provoked [C.P.], his response was neither justified nor reasonable" and constituted fourth degree assault. C.P. appeals.

## ANALYSIS

The sole issue on appeal is whether the evidence is insufficient to support the juvenile court's conclusion that C.P. assaulted Shandel.[1] C.P. argues that "[u]nder the circumstances of the intentional and effective provocation [by Shandel], a reasonable person would not have been offended by C.P.'s relatively minor physical response." We disagree.

Evidence is sufficient if a rational trier of fact viewing the evidence in the light most favorable to the State could find the elements of the offense beyond a reasonable doubt.[2] "A challenge to the sufficiency of the evidence admits the

---

[1] The trial court's finding of fact that C.P. "assaulted" Shandel is actually a conclusion of law and will be reviewed as such by this court. See Willener v. Sweeting, 107 Wn.2d 388, 394, 730 P.2d 45 (1986); State v. Gaines, 122 Wn.2d 502, 508, 859 P.2d 36 (1993).

[2] State v. B.J.S., 140 Wn. App. 91, 97, 169 P.3d 34 (2007) (citing State v. Gentry, 125 Wn.2d 570, 596-97, 888 P.2d 1105 (1995)); accord State v. Alvarez, 105 Wn. App. 215, 220, 19 P.3d 485 (2001).

truth of the State's evidence," and this court gives the State "the benefit of all favorable inferences."[3]

An "assault" is defined as an intentional touching or striking of another that is harmful or offensive.[4] A touching or striking is offensive if it "would offend an ordinary person who is not unduly sensitive."[5]

C.P. contends his "shoulder-check" was not harmful or offensive when viewed in context. He points out that Shandel knew her words would provoke a reaction and was not particularly surprised when C.P. reacted as he did. The question, however, is not whether the parties in this case would find the contact harmful or offensive, but whether the contact would harm or offend "an ordinary person who is not unduly sensitive."[6] Shandel testified that the contact was painful, and contrary to C.P.'s assertions, the shoulder-check was more than a "minor physical response." The resulting red mark was still visible on Shandel's chest 10 to 15 minutes later. A rational trier of fact viewing the evidence in a light most favorable to the State could find that the shoulder-check would offend an

---

[3] Alvarez, 105 Wn. App. at 223.

[4] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.50, at 547 (3d ed. 2008) (WPIC); see State v. Stevens, 158 Wn.2d 304, 314, 143 P.3d 817 (2006).

[5] C.P. points out that the comments following WPIC 35.50 quote comment (a) of the Restatement (Second) of Torts, § 19. The latter states that an offensive contact is one "which is unwarranted by the social usages prevalent at the time and place at which it is inflicted." This comment on a comment is of dubious value here. In any event, a rational trier of fact viewing the evidence in a light most favorable to the State could find that the contact in this case was not warranted by social usages prevalent at the time of the incident. RESTATEMENT (SECOND) OF TORTS § 19 cmt. a; WPIC 35.50.

[6] WPIC 35.50.

No. 70014-6-I / 4

ordinary person who was not unduly sensitive.   Sufficient evidence supports

C.P.'s conviction for fourth degree assault.

Affirmed.

FOR THE COURT:

_Cox, J._

_____

_Jau, J._

No. 70014-6-I, <u>State v. C.W.P.</u>

GROSSE, J. (concurring) — I concur in the result but write separately to express dismay at the expenditure of resources on this insignificant incident.