IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31682-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ULISES RAMIREZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Ulises Ramirez was found guilty of multiple counts of possession of a controlled substance, with intent to deliver, after Pasco police searched a motel room where Mr. Ramirez and another man were staying and found cocaine, marijuana, methamphetamine, psilocybin mushrooms, and items typically used to package and deliver controlled substances. Mr. Ramirez appeals. He contends that the State failed to present sufficient evidence to prove that he knowingly possessed the controlled substances. Viewing the evidence in the light most favorable to the State, sufficient evidence supports the trial court's finding. We therefore affirm.

## FACTS

On January 30, 2013, Detectives Jeremy Jones and Chad Pettijohn were looking for people who had warrants, one of which was Mr. Ramirez. Detective Pettijohn received information that Mr. Ramirez was staying at the Motel 6 in Pasco. During their surveillance of the motel, the detectives saw Mr. Ramirez enter and exit a motel room. They also saw him open the door in response to a knock from motel staff and appear to accept linens from the staff member. Sergeant Michael Monroe joined the detectives.

Sergeant Monroe determined that Miguel Leon rented the room for multiple days. The law enforcement officers knocked on the door, informing those inside the room that they were law enforcement, that Mr. Ramirez needed to come out, and that there was a warrant for Mr. Ramirez's arrest. Initially, detectives did not receive a response. Detective Jones heard some noise inside the room. Then, approximately 15 seconds later, the volume on the television became louder. As the law enforcement officers continued to knock, Detective Pettijohn left to get a search warrant.

After Detective Pettijohn walked away, Mr. Ramirez advised officers that he would be coming out. He exited the room. Officers searched Mr. Ramirez incident to his arrest and found nothing illegal. The detectives saw that Mr. Leon was also in the room.

Also, they noticed a strong odor of marijuana emanating from the room. Mr. Leon told officers that he and Mr. Ramirez had just finished smoking marijuana.

Detective Jones asked Mr. Leon if he could search the room for other people. Mr. Ramirez told Mr. Leon to allow the officers to search the bathroom for bodies only. No other individuals were found in the room.

The detectives obtained a warrant and conducted a search of the room. The detectives found multiple baggies of cocaine, multiple baggies of methamphetamine, a bag of psilocybin mushrooms, a large quantity of marijuana, smoking devices, a digital scale, and multiple empty plastic baggies. Cocaine was also discovered in the toilet bowl, starting to dissolve in the water. In addition, the detectives found two wallets that belonged to Mr. Leon. One of the wallets contained a room key, $2,964 in cash, phone numbers, and a Qwest card. Four cell phones were also found in the room. Mr. Leon told Detective Pettijohn that the drugs in the room belonged to Mr. Ramirez.

Detectives arrested Mr. Ramirez and Mr. Leon. Detective Jones interviewed Mr. Leon at the jail. Mr. Leon admitted that Mr. Ramirez was selling drugs out of the room for approximately one week.

Mr. Ramirez was charged with various drug offenses. A bench trial was held. The detectives testified about the events surrounding Mr. Ramirez's arrest. Mr. Leon testified

3

that he and Mr. Ramirez had been staying in the room for approximately three days and that Mr. Ramirez had clothing and at least one cell phone in the room. However, contrary to the statements he made after his arrest, he also testified that none of the drugs belonged to Mr. Ramirez. He said that he did not think Mr. Ramirez knew he was selling drugs because he conducted drug transactions in the motel room bathroom and not in front of Mr. Ramirez. He said that he was the person who flushed cocaine down the toilet. The court did not find Mr. Leon's testimony to be credible.

Mr. Ramirez was found guilty of the crimes charged. The trial court concluded, "[b]ased upon the totality of the circumstances and evidence before the court the defendant had dominion and control over the small room and its contents sufficient to establish constructive possession and knowledge of all items contained in the room beyond a reasonable doubt, including the Psilocyn mushrooms." Clerk's Papers (CP) at 22. The trial court also concluded that Mr. Ramirez possessed the drugs with the intent to deliver, considering the large quantity of drugs, cash, packing materials, scale, and testimony of Mr. Leon. The trial court sentenced him to 90 months.

Mr. Ramirez appeals. He contends that the evidence was not sufficient to support the trial court's conclusion that he knowingly possessed the drugs.

4

ANALYSIS

In every criminal prosecution, due process requires that the State prove, beyond a reasonable doubt, every fact necessary to constitute the charged crime. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

"A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* A reviewing court defers to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

To be convicted of unlawful possession of a controlled substance with intent to deliver, the State must prove beyond a reasonable doubt that a defendant unlawfully possessed a controlled substance and had the intent to deliver the controlled substance. RCW 69.50.401(1). Possession may be proved by actual possession or constructive

5

possession. *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969). A person has

actual possession when he or she has physical custody of the item. *Id.* A person has

constructive possession when he or she has dominion and control over the item. *Id.*

Whether a person has dominion and control over an item depends on the totality of

the circumstances. *State v. Jeffrey*, 77 Wn. App. 222, 227, 889 P.2d 956 (1995).

Dominion and control can be proved with circumstantial evidence. *State v. Gutierrez*, 50

Wn. App. 583, 592, 749 P.2d 213 (1988). While evidence of temporary residence,

personal possessions on the premises, or knowledge of the presence of drugs are

insufficient individually to show dominion and control, these factors can establish

dominion and control of the premises if found together. *State v. Collins*, 76 Wn. App.

496, 501, 886 P.2d 243 (1995). A person's dominion and control over a premises is one

factor indicating constructive possession and allows the trier of fact to infer that the

person has dominion and control over the items in the premises. *State v. Shumaker*, 142

Wn. App. 330, 333, 174 P.3d 1214 (2007).

Here, sufficient evidence supports the trial court's conclusion that Mr. Ramirez

knowingly possessed the controlled substances with the intent to deliver. First, the

evidence showed that Mr. Ramirez had dominion and control over the motel room. Mr.

Ramirez stayed in the motel room for multiple days. He kept clothing and toiletries in the

6

room. He answered the door of the room, interacted with motel staff, and appeared to receive linens. He told Mr. Leon to allow the officers to search the bathroom. The evidence shows that Mr. Ramirez used the room as his temporary residence.

Second, Mr. Ramirez's close proximity to all of the contraband in the small motel room infers that he had dominion and control over the controlled substances inside the room. He was using marijuana in the room immediately prior to his arrest. Also immediately prior to arrest, one of the parties attempted to flush cocaine down the toilet bowl. The court could infer that the actions that took place in this small motel room could not have occurred without the knowledge of all those present inside. In short, the combination of evidence shows that Mr. Ramirez used the motel as a temporary residence, kept personal possessions in the motel, and had knowledge of the controlled substances at the motel. Sufficient evidence supports the court's conclusion that Mr. Ramirez had dominion and control over the controlled substances in the room.

Third, and most important, the statements by Mr. Leon made on the day of the arrest clearly indicate that Mr. Ramirez possessed the controlled substances and was engaging in the sale of various drugs from the room. Two detectives heard Mr. Leon state on the day of the arrest that the controlled substances belonged to Mr. Ramirez. The evidence found in the room was consistent with packaging controlled substances for

7

No. 31682-3-III
*State v. Ramirez*

distribution. Although Mr. Ramirez made contradictory statements at trial, the trial court found these statements not credible. Sufficient evidence supports the trial court's finding that Mr. Ramirez possessed the controlled substances.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Brown, A.C.J.                                            Fearing J.

8