# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50750-1-II |
| Respondent, | |
| v. | |
| A.E.W. | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — AEW appeals his adjudications for rape of a child in the first degree and child molestation in the first degree. AEW argues that insufficient evidence exists to support his adjudications after a bench trial in juvenile court.

We affirm.

## FACTS

### I.    INCIDENT

In March 2016, SGA, the father of EGA (then age five) and TNA (then age nine), called the police to report that AEW had sexually abused his children. SGA learned of the abuse from his children.

Tumwater Police Department Detective Tim Eikum arranged forensic interviews for the children. Sue Villa interviewed EGA and TNA separately at Monarch Children's Justice and Advocacy Center (Monarch). After the interviews, Eikum arrested AEW.

The State charged AEW, then age sixteen, with rape of a child in the first degree of EGA and child molestation in the first degree of TNA. AEW pleaded not guilty. He proceeded to trial in juvenile court.

II.    CHILD HEARSAY HEARING

Before trial, the State moved to admit statements made by EGA and TNA to Villa and SGA. All four testified at the child hearsay hearing.

A superior court commissioner presided over the hearing and ruled on the admissibility of the child hearsay statements. A different judicial officer presided over the subsequent trial.

Villa testified that during EGA's interview, EGA asked her, "'Can I tell you something that's very, very appropriate?'" Report of Proceedings (RP) (Aug. 3, 2017) at 17. EGA then stated, "'[AEW] just stuck his—stuck my finger in his butt—in my butt, actually.'" RP (Aug. 3, 2017) at 17. Villa asked, "'Stuck his finger in your butt?'" RP (Aug. 3, 2017) at 17. EGA responded, "'Yeah.'" RP (Aug. 3, 2017) at 17.

Villa testified that during TNA's interview, he told her that he was there "'to talk about the crime that [AEW] did.'" RP (Aug. 3, 2017) at 50. TNA discussed an incident where AEW tackled him to the ground and humped him. TNA also told Villa about an incident approximately two years prior where AEW tackled TNA behind a tree and touched his privates. TNA discussed another incident where AEW had TNA touch him. TNA stated that AEW's behavior happened frequently for two years.

SGA testified about when he initially learned of the abuse. EGA was getting out of the shower "then he just kind of announced to everybody that his . . . butt hurt." RP (Aug. 3, 2017) at 105. When SGA asked him why, EGA stated that it hurt because AEW touched it. SGA asked where AEW touched his butt, and EGA pointed to his rectum and said, "'In the middle.'" RP

2

(Aug. 3, 2017) at 105. SGA visually inspected EGA's rectum and noticed it was red, so he put Vaseline on it. SGA then asked TNA whether AEW had ever done the same to him. TNA responded that AEW had done the same thing to him the week prior.

EGA testified that he told SGA and Villa that AEW had touched him in his privates on the back. He described where AEW touched him.

TNA testified that he remembered AEW touching him. He indicated that AEW touched his penis. He also stated that AEW touched him under his clothes on his butt.

The court ruled that EGA's and TNA's statements to SGA and Villa were admissible at trial. The court entered a written order on the admissibility of the child hearsay statements. It included findings of fact and conclusions of law.

III.     TRIAL

At trial, the parties agreed to the admission of the order on the admissibility of the child hearsay statements as an exhibit. This admitted exhibit included the actual child hearsay statements.

The State called Tumwater Police Department Detective Tyler Boling, Eikum, Villa, SGA, TNA, and EGA as witnesses. AEW called Amber Herrera, JH, Tona Miller, Qing Xin Lee, Patrick Williams, and HNM, AEW's mother. AEW also testified.

The court found AEW guilty on both counts and entered written findings of fact and conclusions of law. AEW appeals.

ANALYSIS

AEW argues that substantial evidence does not support findings of fact 2, 4, 12, 13, 16, and 23 from the child hearsay hearing. He argues that because these findings are not supported by substantial evidence, insufficient evidence supports his convictions. We disagree.

"[F]ollowing a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Evidence is substantial if it is "sufficient to persuade a fair-minded person of the truth of the asserted premise." *Homan*, 181 Wn.2d at 106. Unchallenged findings of facts, along with findings of fact supported by substantial evidence, are verities on appeal. *Homan*, 181 Wn.2d at 106. We review conclusions of law de novo. *Homan*, 181 Wn.2d at 106.

AEW agreed to the admission at trial of the court's written order on the admissibility of the child hearsay statements. Accordingly, the trial court considered it as substantive evidence.

To the extent the court used the findings of facts in the order to adjudicate AEW's guilt, AEW is precluded from arguing that insufficient evidence supports those findings. RAP 2.5(a). We also note that AEW does not challenge any of the court's findings of fact or conclusions of law that it entered following AEW's trial. Failure to do so precludes AEW from arguing that insufficient evidence supports his conviction. *Homan*, 181 Wn.2d at 105-06.

Notwithstanding the above, we have taken it upon ourselves to review the record and we conclude that substantial evidence supports the court's challenged findings of fact from the child hearsay hearing.

"[W]e review the trial court's decision to admit child hearsay evidence for an abuse of discretion." *State v. Borboa*, 157 Wn.2d 108, 121, 135 P.3d 469 (2006). A court abuses its discretion "'only when its decision is manifestly unreasonable or is based on untenable reasons or grounds.'" *Borboa*, 157 Wn.2d at 121 (quoting *State v. C.J.*, 148 Wn.2d 672, 686, 63 P.3d 765 (2003)).

We review challenges to findings of fact supporting the admission to determine whether substantial evidence supports each challenged finding and review the trial court's conclusions of law de novo to determine whether the findings support the challenged conclusions. *State v. Halstien*, 122 Wn.2d 109, 128-29, 857 P.2d 270 (1993); *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007); *State v. Alvarez*, 105 Wn. App. 215, 220, 19 P.3d 485 (2001). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the premise's assertion. *Halstien*, 122 Wn.2d at 129.

"RCW 9A.44.120 governs the admissibility of out-of-court statements made by putative child victims of sexual abuse." *State v. Brousseau*, 172 Wn.2d 331, 351, 259 P.3d 209 (2011). RCW 9A.44.120 provides that statements of a child under the age of ten describing acts of, or attempts at, "sexual contact performed with or on the child" are admissible in criminal proceedings, if the trial court concludes, after a hearing, "that the time, content, and circumstances of the statement provide sufficient indicia of reliability," and the child "[t]estifies at the proceedings."

In determining the reliability of child hearsay statements, the trial court is to consider the following nine factors from *State v. Ryan*, 103 Wn.2d 165, 175-76, 691 P.2d 197 (1984):

> "(1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; . . . (5) the timing of the declaration and the relationship between the declarant and the witness"[;] . . . [(6)] the statement contains no express assertion about past fact[; (7)] cross examination could not show the declarant's lack of knowledge[; (8)] the possibility of the declarant's faulty recollection is remote[;] and [(9)] the circumstances surrounding the statement . . . are such that there is no reason to suppose the declarant misrepresented defendant's involvement.

(Quoting *State v. Parris*, 98 Wn.2d 140, 146, 654 P.2d 77 (1982).)

"No single *Ryan* factor is decisive." *State v. Kennealy,* 151 Wn. App. 861, 881, 214 P.3d 200 (2009). A court does not abuse its discretion where it follows the requirements of RCW 9A.44.120 and the *Ryan* factors in concluding that a child's hearsay statements are reliable. *C.J.*, 148 Wn.2d at 686.

Here, the court did not abuse its discretion because it followed the requirements of RCW 9A.44.120 and analyzed the child hearsay statements under the *Ryan* factors. Furthermore, substantial evidence supports the challenged findings of fact[1] from the child hearsay hearing.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____

Melnick, J.

We concur:

_____

Maxa, C.J.

_____

Lee, J.

_____

[1] AEW argues that both EGA and TNA had a motive to lie, but AEW did not assign error to finding of fact number 17. Clerk's Papers at 52 ("There is no evidence that either child had any motive to lie."). His challenge is therefore precluded under RAP 10.3(g). Regardless, our review of the record shows that substantial evidence supports the finding.